**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KEVIN DONATO,**

        **Plaintiff,**

**-vs-**                                                  **Case No.  6:12-cv-1325-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

# Memorandum Opinion & Order

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for Supplemental Security Income (SSI) benefits[1] under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **affirmed.**

## I.     BACKGROUND

### A.     Procedural History

Plaintiff filed for SSI benefits on July 28, 2008, alleging an onset of disability on January 1, 1997, due to anxiety-related disorder, depression, bipolar disorder, polysubstance dependence, memory problems, urination problems, and sleepiness. R. 36, 48, 67, 126, 157. His application was

---

[1] Plaintiff withdrew his claim for a period of disability and disability benefits. R. 35-36, 126-29.

denied initially and upon reconsideration. R. 70-72, 80-82. Plaintiff requested a hearing, which was held on June 10, 2010, before Administrative Law Judge Robert Droker (hereinafter referred to as "ALJ"). R. 33-64. In a decision dated July 30, 2010, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision. R. 19-27. Plaintiff timely filed a Request for Review of the ALJ's decision, which the Appeals Council denied on January 26, 2012. R. 8-10, 14. After Plaintiff was granted two extensions, he filed this action for judicial review on August 30, 2012. Doc. 1; R. 1-6.

### B. Medical History and Findings Summary

Plaintiff was born on December 10, 1955 and was 54 years old at the time of the hearing. R. 16, 154. Plaintiff has an 11th grade education and no past relevant work. R. 25, 37, 49-50, 158-59.

Plaintiff's medical history is set forth in detail in the ALJ's decision and Plaintiff accepts the statements of the testimony and of the documentary evidence as set forth in the ALJ's decision except on those points he specifically disputes. Doc. 23 at 3. By way of summary, Plaintiff complained of urination problems, sleepiness problems, and mental health issues. R. 47-48. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from bladder prostatitis, a history of drug and alcohol abuse, schizoaffective disorder, and antisocial personality disorder, which were "severe" medically determinable impairments, but were not impairment severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 21-22. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform light to medium work, with no climbing of ladders, no exposure to unprotected heights, work in a low stress environment and involving only simple tasks. R. 22. In making this determination, the ALJ found there was only minimal evidence documenting Plaintiff's bladder prostatitis (R. 23); yet, the ALJ gave Plaintiff "every benefit of the doubt" and limited Plaintiff to no more than light to medium work with no lifting greater than 40 pounds due to this

problem. R. 23. The ALJ determined that Plaintiff had no past relevant work. R. 25, 49-50, 158-59. Considering Plaintiff's vocational profile and RFC, the ALJ applied the Medical-Vocational Guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2, and, based on the testimony of the vocational expert ("VE"), the ALJ concluded that Plaintiff could perform work existing in significant numbers in the national economy as a dishwasher and in housekeeping. R. 22-27. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, since July 25, 2008, the date the application was filed. R. 27.

Plaintiff now asserts a single point of error, that the ALJ erred by mischaracterizing the medical evidence of record and/or overlooking material evidence and, therefore, his evaluation of the Plaintiff's subjective complaints was in error. For the reasons that follow, the decision of the Commissioner is **AFFIRMED**.

## II.     STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir.

2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

## III.    ISSUE AND ANALYSIS

*Subjective symptoms and credibility*

Plaintiff asserts that the ALJ erred in evaluating his subjective complaints regarding frequent urination at night and sleepiness. He contends that the medical records support his complaints and the ALJ erred in not fully crediting them. The Commissioner argues that the ALJ discussed at considerable length the effects of Plaintiff's bladder prostatitis and clearly articulated his reasons for discrediting Plaintiff's testimony.

The ALJ is required to consider all of a claimant's statements about his subjective complaints, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

Plaintiff testified at the hearing that at nighttime he only sleeps about and 1½ to 2 hours and he gets up every 30 or 45 minutes to urinate; he takes naps for about 1½ hours usually three times a day and has to drink a lot of water. R. 40-41. He also testified that he takes Risperdal and the side effects are sleepiness and erratic urination, "but also the prostate has that." R. 41.

Plaintiff cites to the medical records from the correctional institute where he was incarcerated, which noted on July 10, 2009, he complained of "having problems emptying his bladder" (R. 528), and on February 8, 2010, he complained of difficulty urinating and that his frequent urinating symptoms were worse at night, and it was an ongoing problem. R. 525-26. A week later, on February 15, 2010, Plaintiff again complained of difficulty urinating and he was referred for a urology consult. R. 525. When the time came for the urology appointment, however, Plaintiff refused a day trip to the "RMC" for the urology appointment on April 29, 2010. R. 520.

Plaintiff argues that the ALJ erred in discounting Plaintiff's complaints of frequent urination in stating that his "urinating problems were related to problems emptying his bladder and not due to frequent urination." R. 23. Plaintiff argues that the medical records from the Department of Corrections clearly show that the Plaintiff complained of urinary frequency, worse at night, and this

-5-

problem was ongoing.

Although the ALJ did not refer to the Eleventh Circuit's standard for pain and subjective complaints, he clearly was aware of the governing standards for evaluating subjective complaints because he cited the applicable regulations and Social Security Rulings ("SSR") 96-4p and 96-7p. R. 22. *See Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002)(per curiam)(ALJ properly applied the Eleventh Circuit pain standard even though he did not "cite or refer to the language of the three-part test" as "his findings and discussion indicate that the standard was applied"). The ALJ complied with those standards in that he determined that Plaintiff had an objective medical condition that could give rise to the alleged symptoms, because otherwise the ALJ would not be required to assess the credibility of the alleged complaints.

Having concluded that he had to make a credibility determination of Plaintiff's subjective complaints, the ALJ plainly recognized that he had to articulate a reasonable basis for his determination. In that respect, in the context of discussing Plaintiff's RFC, the ALJ stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> In terms of the claimant's alleged lifting limitations, the undersigned notes that the claimant has been diagnosed and treated for bladder prostatitis. The evidence also shows, however, that the claimant has had fair control of his symptoms with medications. Exhibit 15F shows the claimant was given some medications to treat his prostatitis in July 2009 and follow-up treatment notes dated through September 2009 show no further complaints. The undersigned also notes that the claimant's urinating problems were related to problems emptying his bladder and not due to frequent urination (which, as will be discussed in more detail below, the claimant's representative suggested at the hearing in a hypothetical question he posed to the vocational expert.) Despite the minimal evidence available documenting the claimant's bladder prostatitis, the undersigned has given the claimant every benefit of the doubt and finds that he would be limited to no more than light to medium work with no lifting greater than 40 pounds due to this problem.
>
> In addition to his prostatitis, the claimant has also alleged that he suffers from severe mental problems. The medical evidence does confirm that the claimant has a long

> history of treatment for schizoaffective disorder with auditory hallucinations and has also been diagnosed with an antisocial personality disorder. The evidence also shows, however, that the claimant has had an excellent response to his psychotropic medications[2].
>
> * * * *
>
> The medical records also do not confirm the presence of any significant and persistent adverse side effects of medications. Although the claimant indicated that his medications made him drowsy and caused frequent urination, there was no confirmation of persistent and/or significant adverse side effects of medications in the relevant medical evidence of record. . . . In sum, the undersigned finds that, as a result of his bladder prostatitis, the claimant is limited to light to medium work with lifting no more than 40 pounds max. . . . [T]he claimant's attorney is clearly grasping at straws as he did not even mention this objection at the hearing. In fact, his only problem with the housekeeper job during the hearing was that the claimant might need frequent restroom breaks due to his bladder prostatitis. As previously noted, however, the claimant's prostatitis caused difficulty urinating, not frequent urinating, and the evidence suggests that this condition is under good control.

R. 23, 25-26.

When an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The Commissioner argues the ALJ's decision was based on substantial evidence and properly assessed the work-related limitations caused by Plaintiff's bladder prostatitis. The Commissioner contends that the ALJ gave Plaintiff the benefit of the doubt by restricting the amount he could lift and, in assessing the available jobs, the ALJ took into account Plaintiff's need for frequent bathroom breaks. Plaintiff testified that he had problems lifting objects because of his bladder prostatitis (R. 45-48), and the ALJ limited the weight he could lift to 40 pounds. The ALJ relied on the VE's testimony that there would still be a significant number of jobs in the national economy Plaintiff could

---

[2]Plaintiff does not challenge the ALJ's findings as to his mental health issues.

-7-

perform even when factoring out employers who would not tolerate bathroom breaks every 45 minutes, and the VE even noted that one of the advantages of housekeeping was the opportunity it afforded for more frequent bathroom breaks. R. 26, 52-53, 58-60.

In this case, the ALJ offered specific reasons for discrediting Plaintiff's subjective complaints, specifically noting findings in the medical records.  The ALJ noted that, in July 2009, Plaintiff was prescribed Hytrin to treat his prostatitis and that treatment notes through September 2009 showed no further complaints.  *See* R. 23 (citing R. 485-86, 507-08). Although Plaintiff had the severe impairment of bladder prostatitis, the ALJ determined that the record did not provide objective evidence that confirmed the presence of any significant and persistent adverse side effects of his medications. *See* R. 25.  Accordingly, the ALJ's reasons are supported by substantial evidence

## IV.   CONCLUSION

The record in this case shows that Plaintiff does not enjoy full health and that his lifestyle and activities are affected by his ailments to some degree.  The ALJ appropriately considered these circumstances and analyzed them in relation to the exacting disability standard under the Social Security Act.  For the reasons set forth above, the ALJ's decision is consistent with the requirements of law and is supported by substantial evidence.  Accordingly, the Court **AFFIRMS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on July 30, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record